



RECEIVED GMC
11/5/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**ASHLEY BLACK,**

Plaintiff,

v.

**JAMES LICHAU, CPA, individually and in his capacity as Partner of BPM LLP,**

Defendant.

Request for Jury Demand

**1:25-CV-13584**
**Judge Lindsay C. Jenkins**
**Magistrate Judge Jeffrey T. Gilbert**
**RANDOM / Cat. 2**

Case No. _____

Judge _____

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, FRAUD ON THE COURT, AND OBSTRUCTION OF JUSTICE

## I. INTRODUCTION

1. This action arises from Defendant **James Lichau's** deliberate submission of **false and misleading statements** to the United States District Court for the Northern District of Illinois in **Case No. 1:25-cv-08141**, filed by Plaintiff **Ashley Black** on **January 30, 2025**.
2. Defendant's actions constitute **fraud on the court**, **obstruction of justice**, and **violations of Plaintiff's constitutional right to due process** under the Fifth and Fourteenth Amendments.
3. Defendant, a Certified Public Accountant and Assurance Partner at **BPM LLP**, knowingly participated in filing **premature and falsified documents** intended to suppress evidence, deceive the court, and obstruct Plaintiff's right to a fair proceeding.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper under **28 U.S.C. §§ 1331, 1343**, and **1346(b)**, as this action arises under the Constitution and laws of the United States involving due process and fraud upon the court.
5. Venue is proper in the **Northern District of Illinois** under **28 U.S.C. § 1391(b)** because the actions complained of were directed toward and affected a case pending in this district.

## III. PARTIES

6. **Plaintiff Ashley Black** is an individual residing at 1633 Forest Rd, Apt 306, La Grange Park, Illinois 60526.
7. **Defendant James Lichau** is a Certified Public Accountant and Assurance Partner at **BPM LLP**, a California-based accounting firm. Upon information and belief, Defendant resides in California and conducts business across state lines, including actions directed toward this jurisdiction.

## IV. FACTUAL BACKGROUND

8. On **January 30, 2025**, Plaintiff filed **Case No. 1:25-cv-08141** in the U.S. District Court for the Northern District of Illinois.
9. On **March 3, 2025**, Judge **April Perry** entered **Docket No. 35**, which clearly stated:

"As the defendants have not yet been served and no hearing is scheduled, Plaintiff is admonished that she does not have authority to issue subpoenas in this matter."

10. Despite this explicit record that no defendants had been served, on **March 7, 2025**, BPM LLP's attorneys — including **James Lichau** — filed a **premature motion to dismiss (Docket No. 44)**, followed by a **declaration (Docket No. 45)** filed on **March 7, 2025**.
11. In his **March 6, 2025 declaration**, Defendant falsely stated that he had been **"served with the summons and complaint in this matter."**

12. This was a **knowingly false statement**, contradicted by the court's own docket and minute order of **March 3, 2025**, which confirmed that **no defendants had been served** as of that date.
13. In the same declaration, Defendant falsely swore under penalty of perjury that:

"I have never met a person named Ashley Black, the Plaintiff in this matter. The statements herein are based on my own personal knowledge, and if called upon to testify, I would competently testify thereto."

14. This statement was also false and misleading. On **January 27, 2025**, I captured evidence of the Defendant **viewing my professional LinkedIn profile** titled "The Prestige Wine and Whiskey Bar."
15. LinkedIn records show that Defendant viewed the profile **on January 23, 2025**, establishing that he had **prior knowledge of Plaintiff** and her business before the lawsuit was filed on January 30,2025.
16. The sequence of events proves that Defendant:
    a. Viewed Plaintiff's business profile on January 23, 2025;
    b. The case was filed on January 30, 2025;
    c. The Court confirmed on March 3, 2025, that no defendant had been served; yet
    d. Defendant submitted a declaration on March 6–7, 2025, falsely claiming he had been served and denying knowledge of Plaintiff.
17. Defendant's false statements were material and intentionally designed to **mislead the court**, **undermine Plaintiff's credibility**, and **suppress legitimate evidence**.
18. As a result, Defendant's actions caused the court to improperly view Plaintiff as **dishonest and unreliable**, harming her reputation and credibility within the judicial record.
19. Defendant's misconduct caused Plaintiff severe **emotional trauma**, **psychological distress**, **reputational damage**, and **separation from her child**, as her credibility and parental integrity were attacked through knowingly false court statements.

## V. CAUSES OF ACTION

**COUNT I – FRAUD ON THE COURT**

(Against Defendant James Lichau)

20. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

21. Defendant knowingly submitted false material statements to the United States District Court for the purpose of misleading the judge and obstructing justice.

22. Such conduct constitutes **fraud on the court**, as defined in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), by corrupting the judicial process and impairing its impartial function.

23. Defendant's deceit directly influenced the perception of the case and deprived Plaintiff of fair adjudication.

**COUNT II – OBSTRUCTION OF JUSTICE**

(18 U.S.C. § 1503, Civil Analogue)

24. Defendant's filing of a premature motion to dismiss and false declaration constitutes obstruction of justice, as it interfered with the lawful process of a federal proceeding.

25. Defendant's false assertion of being served, while the record showed otherwise, was intended to give the appearance of legitimate standing to file and influence the court's view of the case.

**COUNT III – VIOLATION OF DUE PROCESS**

(U.S. Const. Amend. V & XIV)

26. Defendant's conduct deprived Plaintiff of her right to due process and impartial judicial treatment by submitting false information that misled the Court.

27. These acts directly resulted in reputational injury, emotional trauma, and deprivation of family stability, infringing Plaintiff's protected liberty interests.

## *VI. DAMAGES*

28. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

    a. **Severe emotional trauma and mental distress**;

    b. **Separation from her child** and interference with familial rights;

    c. **Reputational harm and humiliation**, having been labeled as dishonest in official court proceedings;

    d. **Loss of judicial opportunity and fair process**; and

    e. **Financial losses and ongoing emotional suffering**.

29. Plaintiff seeks **compensatory and punitive damages totaling $200,000,000 (Two Hundred Million Dollars)**for the harm and trauma caused by Defendant's intentional misconduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant **James Lichau**;
2. Declare that Defendant's conduct constituted **fraud on the court**, **obstruction of justice**, and **violation of due process**;
3. Award **compensatory and punitive damages in the amount of $200,000,000**;
4. Issue injunctive and disciplinary orders to preserve the integrity of judicial proceedings; and
5. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**/s/ Ashley Black**

Ashley Black, Plaintiff Pro Se

1633 Forest Rd, Apt 306

La Grange Park, IL 60526

Email: ablack0927@gmail.com

Phone:630-366-3911

Date: Nov. 5,2025